```
                  UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW HAMPSHIRE
```

Margaret Foley

   v.                                          Civil No. 14-cv-063-LM

Buckley's Great Steaks, Inc.


### O R D E R

     Roger B. Phillips, a member of the bar of this court, has moved for the admission pro hac vice of Thomas J. Lyons, Jr., Esq., an attorney licensed to practice in Minnesota, to represent the plaintiff, Margaret Foley, in this consumer class action brought under the Fair Credit Reporting Act.  While this court routinely grants motions for admission pro hac vice, this is not a typical situation.  Mr. Lyons's affidavit indicates that his license to practice was suspended on April 8, 2010, and reinstated on December 21, 2011.  The published opinion suspending Mr. Lyons from the practice of law states that in 2006, in a federal lawsuit brought under the Fair Credit Reporting Act, where the court admitted Mr. Lyons pro hac vice, Mr. Lyons:

- deceived his opposing counsel on a material matter (i.e., that his client had died prior to finalizing a settlement in the case);

- deceived bar counsel during the resulting disciplinary investigation; and

- provided false testimony during the disciplinary hearing before the referee.

In re Disciplinary Action Against Lyons, 780 N.W.2d 629, 636 (Minn. 2010). The court outlined Mr. Lyons's disciplinary record as including seven prior sanctions resulting "from material misrepresentations, prosecuting frivolous claims, and failure to follow appropriate procedure." Id. at 631.

While the Supreme Court of Minnesota determined that Mr. Lyons's deceit in the federal case, coupled with his prior record, warranted only a one-year suspension of his law license, such misconduct in this state would warrant a much more severe sanction. See Basbanes' Case, 141 N.H. 1 (1996) (disbarring attorney with no prior disciplinary record for deceiving marital master in divorce proceedings and referee in disciplinary hearing).

In this court, the admission of a lawyer pro hac vice is a matter committed to the discretion of the district judge.

> Any attorney who is a member in good standing of the bar of any court of the United States or of the highest court of any state may appear and practice before this court in that action at the court's discretion and on motion by a member of the bar of this court who is actively associated with him or her in a particular action.

2

LR 83.2(b) (emphasis added); see also Roma Constr. Co. v. aRusso, 96 F.3d 566, 576-77 (1st Cir. 1996) (recognizing that whether a federal district court has discretion to deny requests for pro hac vice admission is controlled by language of local rule); Katz v. McVeigh, No. 10-cv-410-JL, 2012 WL 1379647, at *2 (D.N.H. Apr. 20, 2012) ("in this court, as in many other federal district courts, the decision on whether to grant pro hac vice status to an out-of-state attorney is purely discretionary") (internal quotation marks omitted).

On or before June 4, 2014, Attorney Phillips shall show cause why this court should not exercise its discretion to deny the motion for pro hac vice admission of Mr. Lyons.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

May 21, 2014

cc: Thomas J. Lyons, Esq.
    Roger B. Phillips, Esq.
    John M. Edwards, Esq.
    David K. Pinsonneault, Esq.